And now we'll pick up with the United States v. Grant case. This was the one you thought was up. What's that? This was the one you thought.  I'm just eager. I'm too eager. That's my problem. All right. Mr. Sullivan, no relation. I don't think. You don't look familiar. I feel lucky today, though. So you've reserved three minutes for rebuttal. That gives you seven to start. So the floor is yours. May it please the court. My name is Robert Sullivan, and I represent defendant-appellant Siobhan Grant. Unqualified command. A court may conclude that an individual's conduct falls outside the Second Amendment's unqualified command only after the court justifies its regulation by demonstrating that it is with the nation's historical tradition of firearm regulation. Let me just start. But you are conceding that the argument you are making is barred by our prior case. So are you arguing that we should ask to go in back to reverse that case, or are you making an argument because you mean to make it to the Supreme Court? Or what is it? Because you to argue against what is a holding in our opinion means nothing unless you're arguing for us to go in back. If I understood your question, Judge Calabresi, I think both applies. Number one, and I submitted to the court a 28-J letter two days ago. What's the one about the case that said explicitly that nothing in the opinion should be taken to cast doubt on section 922G1? Respectfully, Your Honor, each one of the quintet say that, and I take that to mean, look, we have not decided that case, so I don't take that to be a substantive... No, no, but we've decided that case is the problem. I mean, so Zerka has decided 922G1, and it seems to me you either have to distinguish this case from Zerka, or you have to argue that Zerka got it wrong, and we should go back as an en banc court to fix it, but I don't see how you can say that Hamani did anything to affect Zerka. That I did understand Judge Calabresi's question, and yes, I am challenging Zerka, and I believe that Hamani shed significant light on it, notwithstanding that footnote. The reason is that there are two... If you look at Rahimi, and we look at Hamani, Zerka falls kind of right in the middle of that. Rahimi is a case where one of the subjects says an individual is entitled to due process, and if he receives due process, then the only deprivation is temporary. Hamani, and this court did not have the benefit of Hamani when it decided Zerka. Hamani was the first one to address a class, so Hamani says we are now looking at a class of individuals, and Judge Gorsuch basically took apart every single argument the government made. Yeah, but our rule is that a subsequent Supreme Court case does not undercut our previous holding, unless it does so directly, but we do not read the fact that the Supreme Court may be moving in a certain direction to undercut a clear holding, otherwise any number of our holdings would be cast into doubt, so we don't. It may be that the Supreme Court means to undercut, but we can't say that, so we must either reconsider and back, or you must be asking the Supreme Court and Sir Shererai to do what you are asking. Well, again, Your Honor, I believe I am making both claims, and I will say with respect to what Your Honor just mentioned, I cited in my 28J letter this court's opinion in Zipporah, and Zipporah says that when there has been an intervening Supreme Court decision that has cast doubt on our controlling precedent, that the court can reconsider a prior panel's opinion. But why would you say that it cast doubt when the court itself says nothing here should be taken to cast doubt on it? Well, Your Honor, let me just say, if I may back up, I first submitted this appeal well before Hermione came down, and my understanding was, and I said this in my reply brief, I understand the only way I can get to en banc consideration is if I actually proceed with this first level, which I'm doing, and indicate the reasons why I think that the court should embrace the principles I'm espousing, and this court, if it were to determine that it cannot accede to my request because of the prior panel's decision, then I would have to ask for en banc consideration, and then seek to have this court en banc hear my argument. So that is how I started off with respect to this appeal. So I thought that there was a fair statement based on Zipporah and Hermione that I could at least argue this underlying substance of the reasoning for all the Supreme Court cases and Zirka. I hope that I've made that clear. But it doesn't seem to me that you're arguing that Zirka is somehow distinguishable from this case, that there's something about the facts here or something about the application here that makes Zirka not relevant or not controlling. You don't seem to be saying that. You seem to be simply saying Zirka's wrong. Yes. Okay. I just want to make sure I wasn't missing your argument. That's correct. Certainly this is a 922G1 case. Zirka dealt with 922G1, and it took the position based on a nuanced approach. It did not, as I understood it, find in the analog going back 250 years. So therefore, it used the nuanced approach to get to actually back to where 922G1 starts, which was in the 1938 to 1968 time frame. So my argument was that Rahimi and Bruin say not all analogs are created equal, and that if you don't have a precedent, an analog going back to the founding era, that's evidence that you do not have evidence of a constitutional basis for the statute itself. So I will just say that if the Court is satisfied that, under Zipporah, I'm not eligible to argue that the first panel should be reversed, then I would be relying on en banc treatment. But I will say, and that will shorten up my argument, but I will say that there's significant difference between Rahimi, on the one hand, and Hermanni, on the other hand. And that is the difference between an individual and the class. In Rahimi, the individual was assessed as an individual. He was, in fact, dangerous. He was shooting the place up contemporaneously with the domestic case pending. And even then, based on the 250-year-old analogs, it was only a temporary deprivation. By contrast, 922G1 establishes a class where there's no individualized look, and the entire class is permanently deprived. So therefore, how can you have an individual who is demonstrated to be dangerous, only has a temporary deprivation, an entire class who has not been demonstrated to be dangerous, is basically presumed dangerous, and has a permanent deprivation? So those two things, in my opinion, cannot be reconciled. So that is the essence of my argument. I will be...  Okay. Thank you. So therefore, absent questions, then that's my position. Well, you've got three minutes for rebuttal, so we're bound to hear from you again. Thank you, Mr. Sullivan. And Mr. Dearington, am I pronouncing that right? Yes, that's correct. And we're not related either. Just so it's clear. I'm sorry. You may proceed. You may proceed. Thank you very much, Your Honor. May it please the Court, I'm AUSA Robert Dearington. This Court should affirm the judgment of the District Court, because this Court's decision, in Jurka v. Bondi, wholly forecloses the defendant's argument here. In Jurka, the Court did two important things that govern the outcome of this case. First, the Court reaffirmed its precedent that 922G1 is facially constitutional, even in light of the recent Supreme Court decisions, Bruin and Rahimi. Second, this Court articulated, after conducting a Bruin analysis, that 922G1 is not susceptible to as-applied challenges. The crux of the defendant's argument appears to be that this Court got Jurka wrong because it relied on the wrong historic analogs in upholding the constitutionality of 922G1. He's wrong in his argument, but regardless of whether he's wrong or right, as this Court is obviously aware of, it is bound by the precedent set by Jurka until it is overturned by an en banc panel or the Supreme Court. As the Court is aware, Hamani was released just last week, and there are two important takeaways for the Supreme Court case Hamani. One, the decision made expressly clear that its decision does not cast any doubt on the constitutionality of 922G1. Second, nothing from Hamani calls into question this Court's holding in Jurka. In Hamani, the Supreme Court applied the framework established by Bruin and Rahimi, just as this Court did in Jurka. Providing further support, the Jurka is still good law and binding here. Unless the Court has any questions, I rely on the government's brief. Thank you. All right. Thank you very much, Mr. Dearington. Back to you, Mr. Sullivan. Thank you. Briefly, Your Honor, as I will argue, if the Court were to grant an en banc argument, one statute provides only a temporary deprivation for an individual proven to be dangerous, while another provides permanent deprivation for a class not proven to be dangerous. I respectfully submit that cannot be the case. I think that the correct analog is the founding era analog that was clearly discussed in Rahimi. It seems to me that the analog is not only the conduct, the why, but also the how. Why? Well, because this individual was proven dangerous, and the how is you give him temporary restriction as did the going armed laws and the surety laws. So respectfully, I think the point has been made, and I appreciate the Court's time and attention. So the proper analog should be the one that Rahimi looked to, and I respectfully submit. Thank you. All right. Thank you both. We will reserve this hearing.